UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEVAR SHANNON,

        Petitioner,        Case No. 1:11-cv-710

v.        Honorable Janet T. Neff

SHERRY BURT,

        Respondent.

_____/

## ORDER OF TRANSFER
## TO SIXTH CIRCUIT COURT OF APPEALS

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner presently is confined at Cooper Street Correctional Facility. Petitioner was convicted by the Ingham County Circuit Court of first-degree home invasion, assault with intent to commit murder, and possession of a firearm during the commission of a felony. On March 26, 2003, Petitioner was sentenced to concurrent terms of imprisonment of 9.5 to 25 years and 7 to 20 years, and a consecutive term of 2 years of imprisonment. The Michigan Court of Appeals and the Michigan Supreme Court denied Petitioner's direct appeal on August 10, 2004, and April 26, 2005, respectively. Petitioner filed an application for habeas corpus pursuant to 28 U.S.C. § 2254 on September 19, 2005. This Court denied the application on the merits on December 5, 2008. *See Shannon v. Berghuis*, No. 1:05-cv-634 (W.D. Mich.). Petitioner subsequently filed a post-conviction motion for relief from judgment in state court, pursuant to MICH. CT. R. 6.500. The circuit court denied the motion on February 17, 2010. The Michigan Court of Appeals denied an application for leave to appeal the decision on February 7, 2011, and the Michigan Supreme Court denied reconsideration on June 28, 2011. Petitioner filed the instant petition on July 11, 2011.

Because Petitioner's previous habeas action was filed after the enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), his current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

Petitioner filed a prior habeas corpus action regarding his 2003 criminal convictions and that action was dismissed on the merits; thus, the instant petition is second or successive. In order to file another petition for habeas corpus, Petitioner must obtain authorization from the Sixth Circuit Court of Appeals. Therefore, the appropriate disposition is a transfer of the case to the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly:

**IT IS ORDERED** that this application for habeas relief is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.


 August 3, 2011                          /s/ Janet T. Neff
Date                                     Janet T. Neff
                                         United States District Judge

- 2 -